UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S.,<br><br>                              Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>                              Defendant. | Case No.:  21-cv-1832-RSH-MSB<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)**<br><br>[ECF No. 20] |

Pending before the Court is a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), filed by Plaintiff's counsel. ECF No. 20. As set forth below, the Court grants the motion.

**I.     BACKGROUND**

On October 28, 2021, Plaintiff filed this action seeking judicial review of the Commissioner's denial of his application for disability insurance benefits. ECF No. 1. On April 5, 2023, following briefing on the merits, the Court vacated the Commissioner's denial of benefits and remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 17. Thereafter, on joint motion of the Parties, the Court entered an award of attorneys' fees pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,100. ECF No. 19.

On remand, the Commissioner granted Plaintiff's application for benefits, and awarded past-due benefits in the amount of $123,313. *See* ECF No. 20-4 at 4. The Commissioner has withheld 25% of that amount, or $30,828.25, as potentially payable to Plaintiff's attorney. *Id.*

On October 21, 2025, Plaintiff filed his current fees motion. ECF No. 20. Plaintiff's attorneys seek an award of fees in the amount of $20,000, with those attorneys to reimburse Plaintiff for the $4,100 in EAJA fees that the attorneys previously received. *Id.* at 5.

On December 5, 2025, the Commissioner filed a response. ECF No. 25. The Commissioner notes that, "[a]lthough the motion for fees is filed under Plaintiff's name, his counsel … is the real party-in-interest, and the Commissioner has no direct financial stake in the outcome of this motion." *Id.* at 1–2. The Commissioner states that he therefore "neither supports nor opposes" the motion. *Id.* at 2. Plaintiff has been provided notice of the request for fees made by his attorneys in his name, ECF No. 20 at 2, and has not opposed the request. *See* Docket.

## II.  LEGAL STANDARD

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment …." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 793, 808). The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation

1  or delayed the case, or if the requested fee would result in a windfall." *Id.* at 1151. "The
2  court may properly reduce the fee for substandard performance, delay, or benefits that are
3  not in proportion to the time spent on the case." *Id.*

4   An attorney's fee award under § 406(b) is paid out of the claimant's successful
5  recovery. *Gisbrecht*, 535 U.S. at 802. A court may award fees under § 406(b) to an attorney
6  who previously received fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.
7  § 2412. *Parrish v. Comm'r of SSA*, 698 F.3d 1215, 1218 (9th Cir. 2012). However, in order
8  to "maximize the award of past-due benefits to claimants and to avoid giving double
9  compensation to attorneys," a lawyer is required to "offset any fees received under § 406(b)
10 with any award that the attorney receives under § 2412 if the two were for the 'same
11 work.'" *Id.* (citing *Gisbrecht*, 535 U.S. at 796).

12 **III.  ANALYSIS**

13   First, the Court determines that the contingent-fee arrangement in this case, ECF No.
14 20-2, which provides that Counsel will receive 25% of past-due benefits awarded after a
15 favorable decision, is within the statutory limit. *See* 42 U.S.C. § 406(b)(1)(A); *Crawford*,
16 586 F.3d at 1147. Counsel entered into this agreement despite the risk of receiving little or
17 no recovery in the event of an unfavorable outcome. There is no evidence here of "fraud
18 or overreaching" in connection with the negotiation of the agreement. *See Astrue*, 586 F.3d
19 at 1145. Plaintiff was given the opportunity to oppose the fee motion but did not do so.

20   Second, the Court determines that the requested fees are reasonable. There is no
21 evidence in the record of substandard representation or undue delay caused by counsel.
22 Counsel has provided time records reflecting 18.6 hours spent on Plaintiff's case at the
23 district court level. ECF No. 20-5 at 1–2. The requested fees of $20,000 amount to an
24 hourly rate of $1,075.27. Although this hourly rate is high, the work was performed on a
25 contingent-fee arrangement, and secured a favorable award for Plaintiff; and the rate falls
26 within the general range of fees found to be reasonable in similar cases. *See Branch v.*
27 *Bisignano*, No. 21-cv-785-KSC, 2025 WL 3238183, at *3 (S.D. Cal. Nov. 20, 2025)
28 (approving de facto hourly rate of $1,437); *Roland S. v. Kijakazi*, No. 3:20-CV-01068-

AHG, 2023 WL 6966153, at *3 (S.D. Cal. Oct. 20, 2023) (approving de facto hourly rate of $1,438.35); *Desiree D. v. Saul*, No. 3:19-CV-01522-RBM, 2021 WL 1564331, at *3 (S.D. Cal. Apr. 20, 2021) (approving de facto hourly rate of $1,494.34); *Martinez v. Saul*, No. 15-CV-1994-BTM-BGS, 2019 WL 3322481, at *2 (S.D. Cal. July 24, 2019) (approving de facto hourly rate of $1,488.83). The Court concludes that the award would not be disproportionate or result in a windfall, and declines to adjust the award downward.

## IV. CONCLUSION

For the foregoing reasons, motion for fees [ECF No. 20] is **GRANTED**. The Court awards $20,000 to the Law Offices of Lawrence D. Rohlfing, Inc., CPC. The Court **ORDERS** counsel to reimburse James Michael Sisk in the amount of $4,100 for EAJA fees that counsel previously received.

**IT IS SO ORDERED.**

Dated: December 22, 2025

Hon. Robert S. Huie
United States District Judge